NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAURICE A. WALKER, II,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2025-1783

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-1052, Judge Joseph L. Falvey, Jr.

---

Decided: July 15, 2026

---

MAURICE A. WALKER, II, Wilmington, DE, pro se.

AN HOANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

2                                          WALKER v. COLLINS

---

Before DYK and REYNA, *Circuit Judges*, and BISSOON, *Chief District Judge*.[1]

PER CURIAM.

Maurice Walker, appearing pro se, appeals the judgment of the United States Court of Appeals for Veterans Claims, which affirmed a determination by the Board of Veterans' Appeals denying an earlier effective date for service-connected post-traumatic stress disorder. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Mr. Walker served in the United States Air Force from 1985 to 1992. In July 1992, he applied for the Department of Veterans Affairs ("VA") Vocational Rehabilitation and Employment program ("VR&E"). The VR&E program helps veterans explore employment options and address education needs. Veterans are eligible for the program if they establish a service-connected disability that limits their ability to work. *See generally* 38 U.S.C. § 3102. In December 1992, the VA denied Mr. Walker's application because he had not established the required service connection. ECF No. 25 at 25.[2]

On June 5, 1996, Mr. Walker filed for VA benefits due to several claimed disabilities, including pseudofolliculitis barbae, sinusitis, eczema, viral syndrome, flat feet, tinnitus, and hearing loss. Over the next few years, Mr. Walker underwent medical treatment and examinations at the

---

[1]    Honorable Cathy Bissoon, Chief District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

[2]    ECF No. 25 corresponds to Mr. Walker's "Additional Supplemental Appendix."

Wilmington VA Medical Center. The VA granted Mr. Walker a 10% disability rating for chronic sinusitis, although it is unclear from the record before us when the VA reached this determination.

On December 3, 1997, Mr. Walker submitted VA Form 21-4138, titled "Statement in Support of Claim."[3] SAppx13.[4] In relevant part, the statement read, "I am filing a claim under 38 U.S.C. [§] 1151 for 'multiple and aggravated disabilities' caused by the Wilmington[,] DE VAMC during the period from March 97 through the present." *Id.* The statement also explained that "I've had aggravated disability; anxiety and stress disorder and aggravated service connected disability for which I have claim [sic] for increased severity" and "I am requesting compensation due to these circumstances." *Id.*

In March 1998, the VA denied compensation under 38 U.S.C. § 1151, the statute providing benefits for persons disabled by VA treatment or vocational rehabilitation. The VA explained that it "did not find anxiety or stress disorder resulted from VA medical or hospital treatment." ECF No. 25 at 32–35. The VA continued a 10% chronic sinusitis rating.

Mr. Walker submitted another application for the VR&E program, identifying the 10% chronic sinusitis as a service-connected disability. According to Mr. Walker, he participated in the VR&E program from February 1998 to October 2010, during which he attended college and worked "VA-sponsored" jobs.

---

[3] We refer to this statement as the December 1997 statement.

[4] "SAppx" refers to the supplemental appendix accompanying the Secretary's Informal Brief, which is docketed at ECF No. 8.

On October 22, 2010, Mr. Walker filed a claim for service-connected post-traumatic stress disorder ("PTSD"). The VA denied the claim, and Mr. Walker filed a Notice of Disagreement. In July 2015, the VA granted Mr. Walker service connection for PTSD effective October 22, 2010.

Seeking an earlier effective date, Mr. Walker appealed the VA's determination to the Board of Veterans' Appeals ("Board"). In November 2022, the Board denied an effective date prior to October 22, 2010. He appealed the Board's decision to the United States Court of Veteran Claims ("Veterans Court"). During the appeal, the parties filed a joint motion for remand, agreeing that "the Board erred by failing to provide an adequate statement of reasons or bases to support its determination that the effective date for the grant of service connection for PTSD could not be based on an informal claim received in December 1997." SAppx3. The Veterans Court granted the motion and remanded to the Board.

In January 2024, the Board again denied an effective date for service-connected PTSD earlier than October 22, 2010. SAppx14–26. Mr. Walker argued before the Board that he was entitled to an effective date of December 3, 1997, the date that he submitted his December 1997 statement, because that submission contained an "informal claim" for service-connected PTSD. SAppx17. The Board analyzed the content of the December 1997 statement and concluded that it is a claim for benefits under 38 U.S.C. § 1151 but "not a claim for service connection for PTSD." SAppx18–23. Thus, the Board determined that "there are no formal or informal claims for service connection for an acquired psychiatric disorder, to include PTSD, prior to October 22, 2010." SAppx14.

Mr. Walker appealed to the Veterans Court, and on February 12, 2025, the Veterans Court affirmed. SAppx2–7. Before the Veterans Court, Mr. Walker argued that the Board failed to apply a "liberal and sympathetic

reading" to the December 1997 statement and further failed to provide "adequate reasons or bases" for denying an effective date for service-connected PTSD prior to October 22, 2010. ECF No. 25 at 7. The Veterans Court disagreed, reasoning that "Mr. Walker's assertions are vague and unconvincing and there is a plausible basis in the record for the Board's determination that the December 1997 statement did not raise an informal claim for service connection for anxiety and stress." SAppx7. On March 13, 2025, the Veterans Court entered judgment. SAppx1.

Mr. Walker appeals.

## DISCUSSION

Our jurisdiction to review appeals from the Veterans Court is limited. We have jurisdiction to review the validity of a decision of the Veterans Court on a rule of law, statute, or regulation relied on by the Veterans Court. 38 U.S.C. § 7292(a). But unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Walker primarily challenges the effective date assigned for his service-connected PTSD. He urges this court to "establish, determine veteran's earliest effective date by law." Appellant's Informal Br. 1–3. But questions about when a claim for benefits based on PTSD was first made are questions of fact over which we have no jurisdiction to review. *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010) ("We agree that the factual findings of when a disability was claimed or service connection established are not subject to our review."); *Malikulmulk v. McDonough*, 845 F. App'x 937, 940 (Fed. Cir. 2021) ("[D]etermination of the effective date is a question of fact which we lack jurisdiction to review.").

6                                                    WALKER v. COLLINS

CONCLUSION

We have considered Mr. Walker's other arguments and find them unpersuasive. Because Mr. Walker has not raised an issue within our jurisdiction, we dismiss his appeal.

**DISMISSED**

COSTS

No costs.